UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD DYE,                                        :
                                                   :
                              Plaintiff,           :
                                                   :          16 Civ. 2952 (LGS)
                 -against-                          :
                                                   :          **ORDER AND OPINION**
JERZY KOPIEC,                                      :
                                                   :
                              Defendant.   :
------------------------------------------------------------ X

```
┌────────────────────────────────┐
│ USDC SDNY                      │
│ DOCUMENT                       │
│ ELECTRONICALLY FILED           │
│ DOC #:_____         │
│ DATE FILED: _12/16/2016_       │
└────────────────────────────────┘
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Donald Dye brings this action against Defendant Jerzy Kopiec to recover money owed under a €1,000,000 promissory note (the "Note") allegedly executed by the parties. Plaintiff moves for summary judgment. For the reasons stated below, the motion is denied.

**I.    BACKGROUND**

The following facts are taken from the parties' submissions and are undisputed unless otherwise indicated.

Plaintiff commenced this action in New York State Court by filing a motion for summary judgment in lieu of a complaint pursuant to N.Y. C.P.L.R. § 3213. Plaintiff included with his motion an affidavit and a copy of the Note. In the affidavit, Plaintiff states that he paid Defendant €1,000,000 for ownership interests in some of Defendant's business ventures but never received the promised ownership interests. Plaintiff further states that, on or about March 31, 2013, he and Defendant agreed to convert the ownership interests into a non-revocable personal debt obligation of Defendant and executed the Note to memorialize this agreement. The Note, which includes a signature page purportedly signed by Plaintiff and Defendant, provides that Defendant is to make semi-annual payments of principal and interest, each in the amount of €255,000, beginning on September 25, 2013. According to Plaintiff's affidavit,

Defendant made a $4,000 payment on the Note on or about April 20, 2013, but has made no further payments.

Defendant removed the case to federal court based on diversity of citizenship[1] and filed an opposition to Plaintiff's motion.  In a declaration submitted with his opposition, Defendant states that he never agreed to pay Plaintiff €1,000,000, never signed the Note, never made a $4,000 payment on the Note nor saw the Note prior to this lawsuit.

In reply, Plaintiff submitted additional documents that he argues corroborate his allegations.  These other documents include purported examples of Defendant's signature; a report by a forensic document examiner concluding, based on a comparison of the purported examples of Defendant's signature and the signature on the Note, that Defendant "probably wrote the questioned signature" on the Note; and various communications Plaintiff and Defendant allegedly exchanged regarding the Note and the underlying debt.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party.  *See id.* at 255.

---

[1] According to the Notice of Removal, Plaintiff is a citizen of New York, and Defendant is a citizen of Poland currently domiciled in Florida.

III.   **DISCUSSION**

Plaintiff's motion for summary judgment is denied because a genuine factual dispute exists regarding the validity of the Note.

Section 3213 states: "When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The purpose of § 3213 is to "provide[] a speedy and effective means for resolving presumptively meritorious claims." *Banco Popular N. Am. v. Victory Taxi Mgmt., Inc.*, 806 N.E.2d 488, 490 (N.Y. 2004) (internal quotation marks and citation omitted).

To establish a prima facie case under § 3213, a plaintiff must offer proof of "the instrument and a failure to make the payments called for by its terms." *Weissman v. Sinorm Deli, Inc.*, 669 N.E.2d 242, 245 (N.Y. 1996). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to "offer[] evidentiary proof sufficient to raise a triable issue of fact." *Banco Popular*, 806 N.E.2d at 490.

Here, Plaintiff established a prima facie case by submitting a copy of the Note and Plaintiff's affidavit stating that Defendant failed to make payments on the Note. *See Weissman*, 699 N.E.2d at 245. In opposition, Defendant raised a genuine dispute regarding the validity of the Note by submitting a declaration that (1) denies Defendant signed the Note or agreed to pay Plaintiff €1,000,000, and (2) bears a signature that appears different from the signature on the Note. *See Kitovas v. Megaris*, 20 N.Y.S.3d 393, 394 (2d Dep't 2015) (finding triable question of fact where Defendant submitted an affidavit denying that he executed the note and a copy of his driver's license, which contained a signature that appeared different from the signature on the note); *Hambrose Reserve Ltd. v. Prete*, No. 88 Civ. 2631, 1989 WL 52345, at *1–2 (S.D.N.Y.

May 8, 1989) (finding genuine dispute as to authenticity of the promissory note where defendants submitted an affidavit denying that they signed the note).  Because of a genuine dispute as to the material fact of whether the Note is valid, Plaintiff's motion for summary judgment is denied.

Plaintiff's arguments for granting summary judgment in spite of Defendant's denial that he signed the Note are unpersuasive.  First, he argues that Defendant's declaration should be rejected.  The declaration states:  "I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief."  To qualify as an unsworn declaration made under penalty of perjury under 28 U.S.C. § 1746, an unsworn declaration executed within the United States is to include an affirmation "in substantially the following form":  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."  The slight variation between the affirmation in Defendant's declaration and the affirmation prescribed by 28 U.S.C. § 1746 is not sufficient to reject Defendant's declaration. *See BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2584, 2005 WL 2482493, at *2 n.1 (S.D.N.Y. Oct. 7, 2005) (accepting as a declaration under 28 U.S.C. § 1746 an affidavit that was not notarized but "certified" that "each of the statements contained herein is true to the best of my information and belief" and contained a "penalty of perjury" clause).

Second, Defendant's declaration cannot be disregarded merely because it is self-serving.  Even a self-serving affidavit can establish a genuine dispute of fact so long as the affidavit does not contradict the witness's prior testimony.  *See Hayes v. N.Y.C. Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.").  *See also Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460, n.1

(7th Cir. 2014) ("[A] self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts."); *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) ("A party's own testimony is often 'self-serving,' but we do not exclude it as incompetent for that reason alone.").  In the short history of this lawsuit, Defendant has consistently denied the validity of the Note and has not given any testimony that contradicts his declaration.

Third, Defendant's declaration is more than a "bald assertion of forgery," which would be insufficient to create an issue of fact contesting the authenticity of a signature.  *Banco Popular*, 806 N.E.2d at 490; *see also Pereira v. Cogan*, 267 B.R. 500, 512 (S.D.N.Y. 2001) ("It is incumbent upon a party claiming the nongenuineness of a signature to produce firsthand proof of the forgery.").  Defendant's declaration denies the authenticity of the signature on the Note both explicitly through its words and implicitly through its inclusion of a signature that differs from the one on the Note.  More fundamentally, the declaration denies that Defendant agreed to pay Plaintiff €1,000,000.  Defendant's unequivocal disclaimer appears to be all that a party could reasonably be expected to say in this circumstance.  *See Pereira*, 267 B.R. at 512 ("[T]he validity of the defendant's signature should be deemed put at issue when . . . there is apparently nothing more the defendant could say.").

Finally, the additional evidence submitted by Plaintiff in reply to Defendant's declaration does not eliminate the factual dispute over the validity of the Note.  "'[C]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"  *Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55–56 (2d Cir. 1997)).  Because resolving the discrepancies between Plaintiff's and Defendant's evidence necessarily

involves weighing the evidence and making credibility determinations, Plaintiff's motion for summary judgment is denied.

**IV.     CONCLUSION**

      For the foregoing reasons, Plaintiff Donald Dye's motion for summary judgment is DENIED.

      SO ORDERED.

Dated: December 16, 2016
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE